FILED
OCT 14 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | INDICTMENT |
| Plaintiff, | JUDGE GWIN |
| v. | CASE NO. 4:21 CR 743 |
| DANIEL KISHTON, | Title 18, United States Code, Sections 641 and 1920; Title 26, United States Code, Sections 5841, 5861(d), and 5871 |
| Defendant. | |

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. The Office of Workers' Compensation Programs ("OWCP"), United States Department of Labor ("DOL"), administered the benefits program under the Federal Employee's Compensation Act ("FECA"), Chapter 81 of Title 5, United States Code.

2. Employees of the United States Postal Service ("USPS") who were disabled due to occupational injury received compensation benefits under the FECA.

3. All payments under the FECA to disabled USPS employees were financed, in part, by funds of the USPS.

4. Defendant DANIEL KISHTON was a USPS City Carrier Assistant at the Boardman, Ohio, Post Office in the Northern District of Ohio, Eastern Division.

5. Defendant was an employee of the USPS receiving disability benefits under the FECA, receiving more than $1,000 in benefits each month.

6. While receiving disability benefits, Defendant had a duty to report any earnings to the United States Department of Labor.

7. Beginning on or about May 14, 2019, and continuing through on or about October 9, 2021, in a continuing course of conduct, Defendant received, retained, and endeavored to receive and retain compensation benefits to which he was not entitled, namely, FECA compensation benefits belonging to the United States Department of Labor.

8. As part of this continuing course of conduct, Defendant failed to disclose to the DOL and the USPS his earnings.

9. The DOL Office of Workers' Compensation form EN-1032 (Earnings and Activities Affidavit) states, "Under 5 U.S.C. 8106 (b), an employee who fails to make a report when required or knowingly omits or understates earnings for the period covered by the [EN-1032] form forfeits the right to compensation for the period covered by this [EN-1032] form."

10. Defendant has completed four DOL EN-1032 forms: January 25, 2020, August 3, 2020, November 30, 2020, and January 31, 2021. The time period covered by these four forms is October 25, 2018, through January 31, 2021.

11. Defendant certified to the DOL OWCP that he did not "work for any employer [other than the USPS] during the past 15 months" and was not "self-employed or involved in any business enterprise in the past 15 months" on each of these DOL EN-1032 forms that he submitted to DOL.

12. Defendant started his own gunsmithing and firearm-for-sale business called "Dans Gunsmithing LLC," which he advertised by word of mouth and on Facebook. Defendant received earnings from this company beginning on or about January 16, 2020. Defendant also ran a business providing internet protocol (IP) television services through his business called "Dan's Cable Cutters," which he advertised on Facebook. Defendant received earnings from this company between October 25, 2018 and January 31, 2021.

## COUNT 1
(Theft of Government Property, 18 U.S.C. § 641)

The Grand Jury charges:

13. Paragraphs 1 to 12 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

14. From on or about May 14, 2019, and continuing through on or about September 11, 2021, in the Northern District of Ohio, Eastern Division, Defendant DANIEL KISHTON, in a continuing course of conduct, did knowingly and willfully steal, purloin and convert to his own use and the use of another, and without authority dispose of property of the United States exceeding $1,000 in value belonging to the United States Department of Labor, an agency of the United States, to wit: Federal Employee's Compensation Act benefits, in violation of Title 18, United States Code, Section 641.

## COUNT 2
(False Statement and Fraud to Obtain Federal Employees' Compensation,
18 U.S.C. § 1920)

The Grand Jury further charges:

15. Paragraphs 1 to 12 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

16. From on or about May 14, 2019, and continuing through on or about September 11, 2021, in the Northern District of Ohio, Eastern Division, Defendant DANIEL KISHTON, in connection with the application for and the receipt of compensation, other benefits, and payment under the Federal Employee's Compensation Act, United States Code, Title 5, Chapter 81, Subchapter I, in excess of $1,000, did knowingly and willfully falsify, conceal, and cover up material facts and did knowingly make false, fictitious, and fraudulent statements and representations, to wit: Defendant concealed his employment and earnings from such

employment, despite knowing at the time that the statements were false, in violation of Title 18, United States Code, Section 1920.

## COUNT 3
(Possession of an Unregistered Firearm, 26 U.S.C. §§ 5841, 5861(d), and 5871)

The Grand Jury further charges:

17. On or about March 9, 2021, in the Northern District of Ohio, Eastern Division, DANIEL KISHTON knowingly and unlawfully possessed a firearm, that being a silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), not registered to him in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code; all in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## FORFEITURE

The Grand Jury further charges:

18. For the purpose of alleging forfeiture pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), the allegations of Counts 1 through 3 are incorporated herein by reference. As a result of the foregoing offenses, Defendant DANIEL KISHTON shall forfeit to the United States any firearm involved in the commission of the violation charged in Count 3.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.